IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MOUNT VERNON FIRE**
**INSURANCE COMPANY**                                                   **PLAINTIFF**

**v.**                              **CASE NO. 4:23CV-00034-LPR**

**TC'S MIDTOWN GRILL NORTH,**
**INC. D/B/A TC'S MIDTOWN GRILL;**
**Serve Registered Agen**
**Gerald Thomas Colclasure**
**27 Hummingbird Ln.**
**Conway, AR 72116**

**CRYSTAL WHITE, INDIVIDUALLY**
**AND AS SPECIAL ADMINISTRATOR**
**OF THE ESTATE OF TIMOTHY**
**WHITE;**
**607 Reynolds St.**
**Coal Hill, AR 72832**

**And**

**JAMES ALLEN MICKAN**
**2107 E. HIGHWAY 64**
**COAL HILL, AR 72832**                                   **DEFENDANTS**

**TC'S MIDTOWN GRILL NORTH, INC D/B/A TC'S MIDTOWN GRILL'S ANSWER**

COMES NOW, defendant, TC's Midtown Grill North, Inc. d/b/a TC's Midtown Grill, by and through its counsel, Anderson, Murphy & Hopkins, LLP, and for its answer to plaintiff's complaint states:

1) Defendant is without sufficient information to admit or deny the allegations contained in paragraph 1 of the complaint and, therefore, denies same.

2)      Defendant admits the allegations contained in paragraph 2 of the complaint.

3)      Defendant is without sufficient information to admit or deny the allegations contained in paragraphs 3 and 4 of the complaint and, therefore, denies same.

4)      Defendant admits the allegations contained in paragraphs 5, 6, 7 and 8 of the complaint.

5)      Defendant affirmatively states the allegations in the underlying lawsuit speak for themselves. Defendant denies any allegations contained in paragraphs 9, 10, 11 and 12 that are inconsistent with the operative second amended complaint.

6)      Defendant admits that Mount Vernon issued Policy No. CL 2674896D to it and affirmatively states that the policy speaks for itself. Defendant denies any allegations contained in paragraphs 13, 14, 15, 16, 17 and 18 of the complaint that are inconsistent with the policy.

7)      Defendant admits the allegations contained in paragraphs 19 and 20 of the complaint.

8)      Defendant admits it submitted applications for insurance and affirmatively states the applications speak for themselves. Defendant denies any allegations contained in paragraphs 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33 and 34 of the complaint that are inconsistent with the applications.

9)      Defendant is without sufficient information to admit or deny the allegations contained in paragraph 35 of the complaint and, therefore, denies same.

10)     Defendant affirmatively states the allegations of the underlying complaint, amended complaint, and second amended complaint speak for themselves. Defendant

denies any allegations contained in paragraphs 36 and 37 of the complaint that are inconsistent with the underlying lawsuit.

11)   Defendant affirmatively states that any violations it received speak for themselves. Defendant denies any allegations contained in paragraphs 38, 39, 40, 41 and 42 of the complaint that are inconsistent with the violations.

12)   Defendant affirmatively states the allegations of the underlying complaint, amended complaint, and second amended complaint speak for themselves. Defendant denies any allegations contained in paragraphs 43 and 44 of the complaint that are inconsistent with the underlying lawsuit.

13)   Defendant is without sufficient information to admit or deny the allegations contained in paragraph 45 of the complaint and, therefore, denies same.

14)   Defendant denies the allegations contained in paragraph 46 of the complaint.

15)   Paragraph 47 contains no allegations against this defendant and a response is not required.  To the extent a response is required, defendant denies the allegations contained in paragraph 47 of the complaint.

16)   Defendant affirmatively states any fines or citations speak for themselves. Defendant denies any allegations contained in paragraph 48 that are inconsistent with the fines and citations.

17)   Defendant denies the allegations contained in paragraph 49 of the complaint.

18) Paragraph 50 contains no allegations against this defendant and a response is not required. To the extent a response is required, defendant denies the allegations contained in paragraph 50 of the complaint.

19) Responding to paragraph 51 of the complaint, defendant adopts and incorporates herein by reference each and every admission, denial and affirmative defense contained in paragraphs 1-18 of its answer.

20) Defendant denies the allegations contained in paragraph 52 of the complaint.

21) Paragraph 53 contains no allegations against this defendant and a response is not required. To the extent a response is required, defendant denies the allegations contained in paragraph 53 of the complaint.

22) Defendant denies the allegations contained in paragraph 54 of the complaint.

23) Paragraph 55 contains no allegations against this defendant and a response is not required. To the extent a response is required, defendant denies the allegations contained in paragraph 55 of the complaint.

24) Defendant denies the allegations contained in paragraph 56 of the complaint.

25) Paragraph 57 contains no allegations against this defendant and a response is not required. To the extent a response is required, defendant denies the allegations contained in paragraph 57 of the complaint.

26) Defendant denies the allegations contained in paragraphs 58, 59 and 60 of the complaint.

27) Paragraph 61 contains no allegations against this defendant and a response is not required. To the extent a response is required, defendant denies the allegations contained in paragraph 61 of the complaint and affirmatively states there is no good faith basis to rescind the policy.

28) Defendant denies plaintiff is entitled to the relief requested in the "wherefore" clause of Count I of the complaint.

29) Responding to paragraph 62 of the complaint, defendant adopts and incorporates herein by reference each and every admission, denial and affirmative defense contained in paragraphs 1-28 of its answer.

30) Paragraph 63 contains legal conclusions and a response is not required. To the extent a response is required, defendant affirmatively states that there is no good faith basis to rescind the policy and denies plaintiff is entitled to the remedies requested in paragraph 63. Defendant further denies any allegations contained in paragraph 63 that are inconsistent with applicable law.

31) Defendant denies the allegations contained in paragraph 64 of the complaint.

32) Paragraph 65 contains no allegations against this defendant and a response is not required. To the extent a response is required, defendant denies the allegations contained in paragraph 65 of the complaint.

33) Defendant denies the allegations contained in paragraph 66 of the complaint.

34) Paragraph 67 contains no allegations against this defendant and a response is not required.  To the extent a response is required, defendant denies the allegations contained in paragraph 67 of the complaint.

35) Defendant denies the allegations contained in paragraph 68 of the complaint.

36) Paragraph 69 contains no allegations against this defendant and a response is not required.  To the extent a response is required, defendant denies the allegations contained in paragraph 69 of the complaint.

37) Defendant denies the allegations contained in paragraphs 70, 71 and 72 of the complaint.

38) Paragraph 73 contains no allegations against this defendant and a response is not required.  To the extent a response is required, defendant denies the allegations contained in paragraph 73 of the complaint and affirmatively states there is no good faith basis to rescind the policy.

39) Defendant denies plaintiff is entitled to the relief requested in the "wherefore" clause of Count II of the complaint.

40) Responding to paragraph 74 of the complaint, defendant adopts and incorporates herein by reference each and every admission, denial and affirmative defense contained in paragraphs 1-39 of its answer.

41) Defendant denies the allegations contained in paragraphs 75, 76, 77, 78 and 79 of the complaint.

42) Defendant denies plaintiff is entitled to the relief requested in the "wherefore" clause of Count III of the complaint.

43) Defendant denies plaintiff is entitled to the relief requested in the "prayer for relief" clause, including a denial of subsections (A)-(L) of the complaint.

44) Defendant denies all allegations of the complaint that are not specifically admitted herein.

45) Defendant demands trial by jury for any disputed issue of fact.

46) Defendant affirmatively pleads the plaintiff has failed to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

47) Defendant reserves all affirmative defenses available under Rule 8 of the Federal Rules of Civil Procedure.

48) Should any judgment be entered against defendant in the underlying lawsuit, defendant reserves all rights to pursue a complaint against the plaintiff for negligent and bad faith failure to settle within its policy limits.

Wherefore, defendant prays for dismissal of the complaint and for all other proper relief.

Respectfully submitted,

**ANDERSON, MURPHY & HOPKINS, L.L.P.**

DEBBIE S. DENTON
AR BAR NO. 97095
101 River Bluff Drive, Suite A
Little Rock, AR 72202
Telephone:   501-372-1887
Facsimile:   501-372-7706
E-Mail:   denton@amhfirm.com

*Attorneys for defendant TC's Midtown Grill North, Inc. d/b/a TC's Midtown Grill*